RILEY, Judge,
dissenting.
I respectfully dissent from the majority’s decision to affirm the trial court’s denial of the State’s motion to commit Coats to the Department of Mental Health and Addiction (DMHA). The statutory scheme does not allow the trial court discretion over the statutory commitment procedures. If the trial court finds that a defendant lacks the ability to understand the proceedings and assist with the preparation of his defense, “it shall delay or continue the trial and order the defendant committed” to the DMHA. Ind.Code § 35-36-3-l(b) (emphasis added). Consequently, the statute does not give the trial court discretion to decline to order commitment even where it concludes that the defendant could never be returned to competency.
In support of its conclusion, the majority latches on to one sentence in Curtis v. State, 948 N.E.2d 1143 (Ind.2011). There, the supreme court noted that the State’s dual interests of competency restoration and protection of the accused “cannot be realized if there is a finding that a defendant cannot be restored to competency.” Id. at 1159. From this premise, the majority reasons that if “the purposes of the competency restoration process cannot be met” there is no need to follow the statutory commitment procedures. Op. at *1278. Yet, it is a stretch to conclude that the process itself must be abandoned where the trial court has determined that the defendant lacks competency.
Indeed, that result is expressly foreclosed by I.C. § 35-36-3-l(b), which requires the trial court to take the additional step of ordering commitment following its determination that the defendant lacks competency. Following commitment, the DMHA superintendent or authorized third party contractor has ninety days to observe and provide treatment to an incompetent defendant. I.C. § 35-36-3-3. If there is a substantial probability that the defendant will attain the ability to understand and assist with his defense, DMHA has up to six months to provide further competency restoration services. I.C. § 35-36-3-3(b). However, if substantial *1280 probability does not exist, whether at the outset or after a six month interim provision of competency restoration services, DMHA must institute regular commitment proceedings under I.C. art. 12-26. I.C. § 35 — 36—B—3(b); -4.
The majority concedes as much. Its admission that “[ajlthough the better practice in most cases is to follow the statutory commitment procedures” is nothing more than a concession that procedures should be followed. Op. *1278. Indeed, there are compelling reasons why this is so. Foremost is the clear duties assigned to the trial court and the DMHA. The trial court determines whether the defendant is incompetent in the first instance, but the statutory scheme entrusts the ultimate determination on competency to the superintendent, who has not only the skills to make such observations but also the time within which to do so. In sum, the express statutory directive and the comprehensive nature of the statutory commitment scheme overcome even those cases where a progressive illness renders no hope nor medical reason to believe competency will be restored. I would therefore reverse the trial court’s denial.